**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**THERESA BADON, #R0274**                                               **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 3:13-cv-753-HTW-LRA**

**ELIZABETH SMITH**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This case comes before the Court, *sua sponte,* for dismissal.  Plaintiff, an inmate at the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, has filed this *pro se* Complaint [1] pursuant to Title 42 U.S.C. § 1983.  The Court entered an Order [7] on January 2, 2014, granting Plaintiff permission to proceed *in forma pauperis*.  After consideration of the Complaint [1], the record, and relevant legal authorities, the Court finds that Plaintiff has failed to state a claim on which relief may be granted and that this case should be dismissed with prejudice pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff filed her Complaint [1] against Defendant Elizabeth Smith, another inmate housed at CMCF.  Resp. [8].  Plaintiff states that on October 7, 2013, Defendant Smith assaulted her. Comp. [1] at 4.  Plaintiff contends that Defendant Smith was able to assault her because Officer Sington did not properly handcuff Defendant Smith.  *Id*.  As a result of Plaintiff being assaulted by Defendant Smith, Officer Sington was either fired or quit.  *Id*.  Plaintiff asserts that Case Manager Smith refused to protect her.  *Id*.  The Plaintiff is seeking monetary damages as relief.  *Id*.

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). Because the Court has permitted Plaintiff to proceed *in forma pauperis*, her Complaint [1] is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under Title 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court in *West* concluded that, in order to act under color of state law, the defendant in a § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The Court entered an order [6] on January 2, 2014, directing the Plaintiff to file a written response and provide additional information concerning her complaint as well as the name of each defendant. Plaintiff filed her response [8] on January 17, 2014. After reviewing her response [8], the Court entered an order [9] noting that Plaintiff had mentioned Warden Irby, Warden Denmark, Deputy Warden Trigg and Case Manager Smith in her response [8] and directed the Plaintiff to state if she was adding these named individuals as defendants in this case. Plaintiff filed a response [10] on February 4, 2014. The response [10] however was unclear as to Plaintiff's intent to name

additional defendants.  As a result, another order [11] was entered on February 5, 2014, once again directing the Plaintiff to state if she was adding other defendants in this case.  In her response [15] filed March 21, 2014, to the order [13], Plaintiff stated that she was not adding Warden Irby, Warden Denmark, Deputy Warden Trigg or Case Manager Smith as defendants.  Plaintiff's letter/motions [12 & 14] requested the Court's advice as to what course of action to take concerning this case.

Having provided Plaintiff with several opportunities to name additional defendants, the only named defendant in this case is Defendant Smith.  Plaintiff states that Defendant Smith is an inmate presently incarcerated at CMCF.  Resp. [8].  With that in mind, it is clear that the named defendant is a private citizen.  Moreover, Plaintiff's Complaint [1] or other pleadings do not establish that the Defendant "exercised power possessed by virtue of state law and made possible only because [they are] clothed with authority of state law."  Simply put, Plaintiff has not shown any state action by the Defendant.  Thus, the Court finds that Plaintiff has failed to state a cognizable claim for relief under Title 42 U.S.C. § 1983.  *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003)(finding district court properly determined inmate's claim against private individual failed to state a claim under § 1983).

<u>Conclusion</u>

As explained above, Plaintiff cannot maintain this § 1983 civil action because the named Defendant is not a state actor.  This case, therefore, is dismissed with prejudice for failure to state a claim pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii).

Because this case is dismissed pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes," she may be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2014.


s/ HENRY T. WINGATE                        
UNITED STATES DISTRICT JUDGE